EXHIBIT "C"

Filed 8/3/2017 9:53 AM
Sherry Griffis
District Clerk
Harrison County, Texas

Angie Poche
Deputy

CAUSE NO. 17-0719 _____

| | | |
|---|---|---|
| STEVEN THOMPSON and | § | IN THE DISTRICT COURT |
| TALISHA EVANS | § | |
|     Plaintiff | § | |
| | § | |
| | § | |
| V. | § | FOR ___71ST___ JUDICIAL DISTRICT |
| | § | |
| BOBBY BROWN and | § | |
| AVIS BUDGET CAR RENTAL LLC | § | |
| Defendants | § | HARRISON COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **STEVEN THOMPSON and TALISHA EVANS**, (hereinafter "PLAINTIFFS"), complaining of **BOBBY BROWN** (hereinafter **"Defendant"**) and **AVIS BUDGET CAR RENTAL LLC** (hereinafter **"Defendant"**), and for cause of action would respectfully show unto the Court and jury the following, to-wit:

### I.
### PARTIES

1.    Plaintiff, STEVEN THOMPSON, is a citizen of the State of Texas, whose address is 112 STATE STREET DAINGERFIELD, TEXAS 75638.

2.    In accordance with CPRC 30.014, STEVEN THOMPSON has been issued a driver's license. Without regard to when said license was issued, whether it is still in effect, or where it was issued (none of which are required by CPRC 30.014), the last three (3) numbers (although without regard to the sequence as they appear on the license, which is likewise not required by CPRC 30.014) are 582.

3.      Further, STEVEN THOMPSON has been issued a social security number. Without regard to when said social security number was issued, whether it is still in effect, or where it was issued (none of which are required by CPRC 30.014) the last three (3) numbers (although without regard to the sequence as they appear, which is likewise not required by CPRC 30.014) are 907.

4.      Plaintiff, TALISHA EVANS, is a citizen of the State of Texas, whose address is 112 State Street, Daingerfield, Texas 75638.

5.      In accordance with CPRC 30.014, TALISHA EVANS has been issued a driver's license. Without regard to when said license was issued, whether it is still in effect, or where it was issued (none of which are required by CPRC 30.014), the last three (3) numbers (although without regard to the sequence as they appear on the license, which is likewise not required by CPRC 30.014) is 051.

6.      Further, TALISHA EVANS has been issued a social security number. Without regard to when said social security number was issued, whether it is still in effect, or where it was issued (none of which are required by CPRC 30.014) the last three (3) numbers (although without regard to the sequence as they appear, which is likewise not required by CPRC 30.014) is 783.

7.      Defendant,  AVIS BUDGET CAR RENTAL LLC is a foreign corporation organized and existing under the laws of the state of Delaware and engages or has engaged in business in the State of Texas and may be served with process by serving its Registered Agent for Service, CORPORATION SERVICE COMPANY dba CSC – LAWYERS INCORPORATING SERVICE COMPANY by certified mail, return receipt requested at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

8.      Defendant, BOBBY BROWN, is an individual residing in Louisiana and may be served with process pursuant to section 17.044 of the Texas Civil Practice and Remedies Code, substituted services on Defendant should be made by serving the Secretary of State of Texas, Statutory Documents Sections, Citations Unit, P.O. Box 12079, Austin, Texas 78711 – 2079, with instructions for the Secretary of State of Texas to forward citation and petition to Defendant, BOBBY BROWN, at his place of residence   certified mail, return receipt requested at his residence which is located at 2778 MARQUETTE STREET, SHREVEPORT, LOUISIANA 71108.

## II.
### CASE LEVEL ASSIGNMENT

9.      Plaintiffs would show discovery in this cause should be conducted pursuant to Level 3 of the Discovery Control Plan, as set forth in Rule 190 of the Texas Rules of Civil Procedure, in that Plaintiffs affirmatively plead that they seek monetary relief aggregating $100,000.00 or more, excluding costs, pre-judgment interest and attorneys' fees.

## III.
### JURISDICTION AND VENUE

10.     Venue is proper in Harrison County, Texas pursuant to §§15.002(a)(1) of the Texas Civil Practice and Remedies Code.

## IV.
### STATUTE OF LIMITATIONS

11.     Plaintiffs allege this lawsuit has been filed within the time period of the appropriate statute of limitations from the date of the occurrence. In the alternative, Plaintiffs allege the statute of limitations is tolled because this lawsuit has been filed within two (2) years of the date Plaintiffs knew or should have known of the existence of a cause of action, or any delay is the result of direct threats or fraud on the part of the Defendants.

**V.**
**FACTS OF THE CASE**

12.     On March 17, 2017, Plaintiff, STEVEN THOMPSON, was operating his vehicle in a safe and prudent manner on US HIGHWAY 80 in an East bound lane of traffic, in Harrison County, Texas. Talisha Evans was a passenger in the vehicle being driven by Steven Thompson. Defendant, Bobby Brown, was traveling West on US Highway 80 and suddenly and without any warning, traveled onto the wrong side of the roadway into Steven Thompson's lane of travel. Defendant, Bobby Brown, was operating a 2017 Silver Chevrolet Malubi, bearing License Plate number NM 008679593. Defendant Bobby Brown failed maintain his vehicle on the proper side of the road, therefore striking the Plaintiff's vehicle and causing Plaintiff to sustain severe permanent and disabling injuries.

**VI.**
**CAUSE OF ACTION**

13.     Plaintiffs allege that Defendants through their acts and omissions, were negligent, and such negligence was a proximate cause of the incident and injuries in question. Plaintiffs resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of the Defendants:

    a.     In driving on the wrong side of the road;

    b.     In failing to maintain a safe lane of travel;

    c.     In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances

    d.     In traveling at an excessive rate of speed as would have been made by a person exercising ordinary care and prudence under the same of similar circumstances;

    e.     In failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

    f.     In failing to maintain an assured clear distance between Defendants' vehicle and Plaintiffs' vehicle as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

g.   In failing to maintain a safe distance between Defendants' vehicle and   Plaintiffs' vehicle as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

h.   In failing to watch out for traffic in front of Defendants' vehicle as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

i.   In failing to move the vehicle appropriately to avoid the accident made the basis of this lawsuit as would have been made by a person exercising ordinary care and prudence under the same or similar circumstance;

j.   Such other and further acts and/or omissions that give rise to gross neglect.

k.   Defendant was negligent in other respects.

Plaintiffs further alleges that Defendant, BOBBY BROWN, by and through his acts and/or omissions as set forth and plead above, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment.

14.   Plaintiffs allege that the acts and omissions by Defendants were negligent and also violated statutory law and regulations and gives rise to negligence per se, which was a proximate cause of the incident and injuries in question in one or more of the following ways:

a.   In violating Texas Transportation Code Sec. 545.060 (a) (1) which provides "An operator on a roadway divided into two or more clearly marked lanes for traffic shall drive as nearly as practical entirely within a single lane; and

b.   In violating Texas Transportation Code Sec. 545.060 (a) (2) which provides "An operator on a roadway divided into two or more clearly marked lanes for traffic may not move from the lane unless that movement can be made safely".

15.   Defendant, AVIS BUDGET CAR RENTAL LLC acts and/or omissions also breached a legislatively imposed standard of conduct, and thus constituted negligence per se.  Plaintiff would further show that Defendant, AVIS BUDGET CAR RENTAL LLC, failed to ensure its vehicles

was in compliance with section 601 et sec of the Texas Transportation Code and also known as

the Texas Motor Vehicle Safety Responsibility Act.

## VIII.
## PERMISSIVE USE

16.     Plaintiffs would further show that prior to the time the collision occurred

Defendant AVIS BUDGET CAR RENTAL LLC was the owner and was in the possession, custody

and control of the vehicle ultimately driven by Defendant BOBBY BROWN on the date of the

wreck made the basis of this lawsuit. On or about March 17, 2017, Defendant AVIS BUDGET

CAR RENTAL LLC directed Defendant  Bobby Brown to use the motor vehicle in question for the

purpose of operating it on the public streets and highways of Texas and, therefore, Defendant

Bobby Brown, operated said vehicle with the knowledge, consent and permission of Defendant

AVIS BUDGET CAR RENTAL LLC.

## IX.
## NEGLIGENT ENTRUSTMENT

17.     Plaintiffs would further show that Defendant AVIS BUDGET CAR RENTAL LLC was

the owner of the vehicle that was being driven by Defendant BOBBY BROWN at the time of the

occurrence made the basis of this lawsuit. Plaintiffs would also show that Defendant AVIS

BUDGET CAR RENTAL LLC was negligent and grossly negligent in entrusting the motor vehicle to

Defendant BOBBY BROWN who was a careless, incompetent and reckless driver. Defendant

AVIS BUDGET CAR RENTAL LLC knew or should have known that Defendant BOBBY BROWN was

a careless, incompetent and reckless driver. Plaintiffs would further show that Defendant AVIS

BUDGET CAR RENTAL LLC was negligent in entrusting the vehicles to its employee, Defendant

BOBBY BROWN, which in turn was a proximate cause of the collision and the occurrence made

the basis of this lawsuit and the resulting injuries and damages to Plaintiffs set out below. Defendant, AVIS BUDGET CAR RENTAL LLC, was also negligent in entrusting the vehicle to BOBBY BROWN when the car was not in compliance with the Texas Motor Vehicle Safety Responsibility Act and Defendant failed to ensure such compliance with the statutory mandate.

## XII.
## DAMAGES

18.    Plaintiffs' damages include past and probable future loss, which includes:

a.    Physical pain and mental anguish and suffering, including the loss of enjoyment of life;

b.    Physical and mental impairment;

c.    Disfigurement;

d.    Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical    and hospital care, including rehabilitative services and devices.

e.    loss of wages and wage earning capacity;

f.    prejudgment interest at the maximum legal rate.

19.    Plaintiff has suffered a total loss in the fair market value of her vehicle.  In the alternative, Plaintiff is entitled to recover reasonable and necessary costs to repair, fix, or restore her vehicle to its condition immediately preceeding the accident and diminution in the market value of her vehicle as a result of the accident.  Plaintiff further seeks damages for the loss of use of her vehicle.   Plaintiff's property damages were proximately caused by the negligence of the Defendants.

20.    Plaintiffs allege that the wreck and/or occurrence in question made the basis of this lawsuit, and Plaintiffs' injuries and resulting damages were proximately caused as a result of the wrongful conduct and negligent conduct of the Defendants as alleged and set forth herein.

21.    Plaintiffs allege that their damages exceed the minimum jurisdictional limits of this Court.

All these damages to Plaintiffs are within the jurisdictional limits of this Court, and Plaintiffs, would ask that a fair, reasonable and impartial jury assess the amount of damages in this case properly recoverable by each of the Plaintiffs. The amount of actual damages awarded should be subject to the evaluation of the evidence by a fair and impartial jury and is clearly in excess of $1,000,000.00.

### XIII.
### CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

22.    Plaintiffs would further show that they are entitled to recover interest for all elements of damages recovered for which the law provides, for pre-judgment interest beginning on either (1) the 180th day after the Defendants received written notice of claim, or (2) the day suit is filed, whichever is earlier, and ending on the day preceding the date judgment is rendered, at the pre-judgment interest rate governed by VTCA Finance Code 304.102, et seq. Plaintiffs are also entitled to recover post-judgment interest at the lawful rate.

### XIV.
### JURY DEMAND

23.    Plaintiffs requests that a jury be convened to try the factual issues in this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final trial, Plaintiffs have judgment of, from and against the Defendants jointly and severally for the actual damages, costs of Court, prejudgment and post-judgment interest, punitive and/or exemplary damages, as set out hereinabove all to be determined by a fair and impartial jury that has fully weighed the evidence and facts and delivered its verdict in accordance with the Judge's instructions, in amounts as set out above, together with costs of suit, pre-judgment interest, post-judgment interest and for such other and further relief which they may show themselves to be justly entitled.

**DEFINITIONS AND INSTRUCTIONS**

1.      "**DOCUMENTS**".  When the word "document(s)" or "documentation" is used in these discovery requests, it means any written, typed, printed, graphic or photographic matter, or sound reproductions however produced or reproduced, including copies of computer or data processing input or output in whatever form, including electronic and magnetic data.  Without limiting the generality of the foregoing, all letters, telegrams, cables, wires, notes, memoranda, accounts, ledgers, books, statements, drafts, transcripts, agreements, contracts, policies, minutes, records, diaries, journals, logs, manuals, calendars, governmental forms, computer or data processing input or output, maps, plats, moving or still pictures, diagrams, plans, drawings, specifications, measurements, microfilm, written statements or reports, recordings, e-mail reduced to hard copy, samples or other physical objects of whatever nature now or formerly in the possession, custody or control of the party to whom these Discovery Requests are directed.

(a)     The terms "**writing**" or "**written**" are intended to include, but not necessarily be limited to the following: hand writing, typewriting, computer printouts, printing, photographing, e-mail reduced to hard copy, and every other means of recording upon any tangible thing or any form of communication, including letters, words, pictures, sounds or symbols or combinations thereof; and it further includes any oral communications later reduced to writing or confirmed by a letter.

(b)     Whenever the identification of documents or objects is called for in these discovery requests, the party to whom these discovery requests are directed shall provide the date of the document, model and serial number of the object, if any, the brand of the object, name of manufacturer and date of manufacture.  In lieu of identification as stated above, Defendant may produce for inspection and copying such documents or objects and/or manuals identifying such objects.

(c)     With regard to documents requested to be produced, please produce the original of said documents for inspection and copying or provide complete and clear legible copies of same with immediate opportunity to review the originals.

(d)   If the party to whom these interrogatories and requests are directed contends that the content of a document or the answer to an interrogatory is protected from disclosure by virtue of a privilege, or if the party objects to such discovery on any other grounds, it is intended and requested that the party shall, nevertheless, with respect to such document or answer requested, provide a description thereof, including:

(1) A statement of the privilege or objection whereby they contend that such discovery is protected from disclosure;

(2)   Each and every fact upon which they rely to support such claim of privilege or objection;

(3)   The type of document (e.g., letter, memorandum, telegraph, telefax, note);

(4)   The date of each such document or writing;

(5)   The author of each such document or writing;

(6)   The person or persons to whom each such writing or document was directed;

(7)   The person or persons to whom each such writing or document was supplied; and

(8)   The general subject matter of each such document or writing.

2.   **"IDENTITY" "IDENTIFY"** or **"IDENTIFICATION"**:

(a)   **When used in reference to a natural person,** "identity" "identify" or "identification" means to state his or her full name and present or last known address, present employer (if employed by the party to whom this Discovery is directed, then identify the particular organization for whom he or she worked), present employer, specifying in each instance the title or position and the dates so held.

(b)   **When used with respect to a document,** "identity", "identify" or "identification" means to state the date, subject and substance, author, all recipients, type of document (e.g., letter, telegraph, memorandum, computer printout, sound reproduction, chart, etc.), its present location and the identity of its present custodian.  This

shall include documents with respect to which a privilege is or may be claimed, if such document was, but no longer is, in your possession or subject to your control, state whether it is (1) missing or lost; (2) has been destroyed; (3) has been transferred voluntarily to others; or (4) has been otherwise disposed of. In each such instance explain the circumstances surrounding an authorization for such disposition.

(c)     **When used with respect to an occasion, event, meeting or conversation**, "identity", "identify" or "identification" means to state the date, place, duration and persons attending or participating.

3.     **"PERSON"** or **"PERSONS"** includes natural persons, including agents, servants and/or employees of this Defendant, firms, partnerships, associations, joint ventures, corporation and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

4.     **"YOU"** or **"YOUR"** means the Defendant answering the requests.

5.     **"ACCIDENT," "THE INCIDENT"** or **"THE OCCURRENCE IN QUESTION"** means the incident made the basis of this lawsuit that occurred on or about March 17, 2017 as more fully set out in PLAINTIFFS' ORIGINAL COMPLAINT.

6.     **"THIS SUIT," "THIS LAWSUIT,"** or **"THE LAWSUIT"** shall mean the lawsuit referenced in the above-entitled and numbered cause.

In the event that your answer to any discovery request is "not applicable" or any similar phrase or answer, please explain in detail why that discovery request is not applicable.

In the event that your answer to any discovery request is "don't know" or "unknown" or any similar phrase or answer, please explain in detail all efforts made by you or your attorneys or representatives to obtain the response to that discovery request.

When a discovery request asks that you or your attorney provide information concerning what a witness may testify about, that request is intended to elicit a summary of any and all information that any witness may have provided to you regardless of whether they may so testify at trial.

These discovery requests should be deemed continuing in nature and you are requested to update your responses periodically to reflect any information obtained after the discovery requests are initially responded to, to include all information up to, and including, the date of trial in this action, in accordance with the Texas Rules of Civil Procedure.

Unless otherwise stated, answers to these discovery requests shall be given for the time period ending with the date answers or responses hereto are served.  To the extent that such answers or responses may be enlarged, diminished or otherwise modified by information acquired or discovered by you subsequent to service of initial answers or responses, you are directed to promptly thereafter serve supplemental answers or responses reflecting such information.

You are further notified that your answers and responses to these discovery requests may be offered in evidence at the trial of this case.  You are further advised that your answers or responses to these requests must be supplemented (not less than 30 days prior to the beginning of trial) when you obtain information upon the basis of which:

(1)     You know an answer or response was incorrect when made or incomplete when made;

(2)     You know that the answer or response, though correct when made, is no longer true and complete, and the circumstances are such that to fail to amend your answers or responses would be, in substance, misleading; or

(3)    If the party expects to call an expert witness whose identity and subject matter of such witness' testimony has not been previously disclosed in response to an appropriate discovery request, such answer must be supplemented and/or amended to include the name, address and telephone number of the expert witness and the substance of the expert witness' expected testimony.  This should be done as soon as practical, but in no event less than thirty (30) days prior to the beginning of trial except for good cause granted by leave of Court.

**Document Authentication**. We will assume that each document you produce is authentic. We hereby notify you that we will use each document you produce in pretrial proceedings or at trial. If you contend a document you produce to us is not authenticated, within 10 days after you produce the document, you must serve us with your specific objection to the authenticity of the document. Your objection must be either on the record or in writing and must have a good faith factual and legal basis. Your objection to the authenticity of only part of a document does not affect the authenticity of the remainder. If you make an objection, we hereby request a reasonable opportunity to establish its authenticity and to inspect the original document. TRCP 193.7 and 196.3(b)

**REQUESTS FOR PRODUCTION TO BOBBY BROWN**

1.  All documents, videotapes or recordings containing or summarizing any statement made by Plaintiffs as defined by the Texas Rules of Civil Procedure.

2.  All letters or correspondence that occurred prior to suit being filed between the Plaintiffs and the Defendant which relate to the subject matter of this lawsuit.

3.  All documents, photographs, videotapes, tape recordings, slides or films relating to any surveillance of the Plaintiffs.

4.  Any photographs, films, videotapes, tape recordings, drawings, and diagrams that relate to the subject matter of this lawsuit.

5.  All reports, photographs, videotapes, tape recordings, and other documentary information from anyone who was directed by the Defendant to investigate or research the plaintiff's accident prior to the date this lawsuit was filed.

6.  All reports, photographs, videotapes, tape recordings, and other documentary information from anyone who was <u>not</u> directed by the defendant to investigate or research the Plaintiff, Steven Thompson's accident.

7.  A copy of the Defendant's driver's license.

8.  A copy of the title to the vehicle Defendant was driving at the time of the collision made the basis of this suit.

9.  Any and all photographs that Defendant has of any vehicle involved in the accident in question following the collision.

10. A copy of any damage appraisal made of the vehicle Defendant was operating at the time of the collision in question.

11. Any and all drawings, maps or sketches of the scene of the accident which has been made the basis of this lawsuit.

12. A copy of any contract of employment that would govern the Defendant's relationship with any other party or bear on the issue of course and scope of employment.

13. A copy of any cellular phone statements or billing records which would reflect telephone calls either made by you or received by you for the two week period before and after the accident made the basis of this lawsuit.

14. Please execute and return the attached Application for Copy of Driver's Record.

15.     Please execute and return the attached Cellular Telephone authorization.

16.     If any "person with knowledge of relevant facts" identified in any party's disclosure in this case has been convicted in the last ten years of a crime that was a felony or involved moral turpitude, within the meaning of Tex. R. Evid. 609, produce all documents relating to each criminal conviction of each such person.

17.     Produce copies of all documents you obtained through a subpoena in this case. TRCP 176 and 205.

18.     Produce copies of all testimony and documents you obtained through a deposition upon written questions in this case. TRCP 200.

19.     Produce copies of all testimony and documents you obtained through a deposition in a foreign jurisdiction in this case. TRCP 201.

20.     Produce copies of all testimony and documents you obtained through a deposition before suit or to investigate claims relating to the subject of this lawsuit. TRCP 202.

21.     Produce copies of all business records accompanied by affidavit you obtained in this case pursuant to Tex. Rule Evid. 902 (10).

22.     Produce copies of all affidavits, controverting affidavits, and business records you obtained in this case pursuant to Tex. Civ. Prac. & Rem. Code ch. 18.

## **INTERROGATORIES TO BOBBY BROWN**

1. State your name, current address, telephone number, date of birth, social security number, driver's license number and any other names you have gone by during your lifetime.

2. State the name, address and telephone number of any potential party to this lawsuit.

3. Identify by stating full name, address and telephone number, all persons whom you expect to call to testify at trial.

4. If Defendant is alleging any negligence or failure to mitigate damages on the part of plaintiff, state the factual basis for your contentions.

5. Is the Defendant correctly named in the petition on file in this cause?  If not, please state the full and correct name of the defendant, and if the Defendant is a corporation, please disclose the state of incorporation and Defendant's principal place of business.

6. Is Defendant or Defendant's attorney aware of any surveillance of Plaintiffs? If the answer is yes, please state:

    (a)     the name and address of person conducting surveillance; and

    (b)     whether the Defendant has any photographs, videotapes, tape recordings, slides or films of Plaintiffs.

7. What specific date did the Defendant conclude that there was a substantial chance that litigation would ensue as a result of the occurrence made the basis of this lawsuit?

8. State the name and address of the owner and all occupants of the vehicle which you were operating at the time of the collision.

9. State where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

10. Describe in your own words how the collision occurred providing what the claim or contention of the Defendant will be regarding any cause of the collision, including a statement of the facts or information upon which the contention is based.

11. State the speed of the vehicle you were operating at all times material to the collision in question, including specifically your speed at the time of impact, and if your brakes were on at the time of impact, please state your speed before applying your brakes.

DR-1 (Rev. 5/12)

# TEXAS DPS
## APPLICATION FOR COPY OF DRIVER RECORD

**MAIL TO: Texas Department of Public Safety, Box 149008, Austin, TX 78714-9008**

| DO NOT MAIL CASH. Mail check or money order payable to: Texas Department of Public Safety | Any questions regarding the information on this form should be directed to the Contact Center at 512-424-2600. Allow 2-3 weeks for delivery. |
|---|---|

## Check Type of Record Desired

|  | FEE |
|---|---|
| ⌷ 1. Name – DOB – License Status – Latest Address. | $ 4.00 |
| ⌷ 2. Name – DOB – License Status – 3 Year Record only lists Crashes/Moving Violations. | $ 6.00 |
| ⌷ 2A. CERTIFIED version of #2.  This Record is Not acceptable for a Defensive Driving Course (DDC). | $ 10.00 |
| ⌷ 3. Name – DOB – License Status – Record of ALL Crashes/Violations. **Furnished to Licensee Only.** | $ 7.00 |
| ⌷ 3A. CERTIFIED version of #3.  **Furnished to Licensee Only and is Acceptable for DDC.** | $ 10.00 |
| ⌷ Other: (Original Application, DWLI, etc.)  ⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷ | $⌷⌷.00 (If Required) |

## Mail Driver Record To:   (Please Print or Type)

⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷
Requestor's Last Name                    Requestor's First Name

⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷
Street Address                           Texas Driver License Number

⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷-⌷⌷⌷-⌷⌷⌷⌷
City          State    Zip Code         Daytime Telephone Number (include area code)

### If requesting on behalf of a business, organization, or other entity, please include the following:

⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷
Name of business, organization, entity, etc.

⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷
Your Title or Affiliation with above

⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷
Type of business, organization, etc. (i.e., insurance provider, towing company, private investigation, firm, etc.)

## Information Requested On:

⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷   $M|M|/|D|D|/|Y|Y|Y|Y$   ⌷⌷⌷⌷
Texas Driver License Number        Date of Birth              Suffix (SR., JR., etc.)

⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷
Last Name

⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷
First Name

⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷⌷
Middle Name/Maiden Name

## Individual's Written Consent For *ONE TIME* Release to Above Requestor

(Requestor, if you do not meet one of the exceptions listed on the back of this form, please be advised that without the written consent of the driver license/ID card holder, the record you receive will not include personal information.)

I, _____, hereby certify that I granted access on this one occasion to my Driver License/ID Card

record, inclusive of the personal information (name, address, driver identification number, etc.) to _____

_____
Signature of License / ID Card Holder or Parent / Legal Guardian        Date

## State and Federal Law Requires Requestors to Agree to the Following:

In requesting and using this information, I acknowledge that this disclosure is subject to the federal Driver's Privacy Protection Act (18 U.S.C. Section 2721 et seq.) and Texas Transportation Code Chapter 730. False statements or representations to obtain personal information pertaining to any individual from the DPS could result in the denial to release any driver record information to myself and the entity for which I made the request. Further, I understand that if I receive personal information as a result of this request, it may only be used for the stated purpose and I may only resell or redisclose the information pursuant to Texas Transportation Code §730.013. Violations of that section may result in a criminal charge with the possibility of a $25,000 fine.

I certify that I have read and agree with the above conditions and that the information provided by me in this request is true and correct. If I am requesting this driver record on behalf of an entity, I also certify that I am authorized by that entity to make this request on their behalf. I also acknowledge that failure to abide by the provisions of this agreement and any state and federal privacy law can subject me to both criminal and civil penalties.

_____
Signature of Requestor                                              Date

**If you are not requesting a copy of your own record or do not have the written consent of
DL/ID holder, you must provide the information requested on the reverse.**

| **Texas Department of Public Safety** | **Save Time – Request Your Driver Record Online**<br>**www.texas.gov** |
|---|---|

### Important Instructions – Read Carefully

The Texas Department of Public Safety may disclose personal information to a requestor without written consent of the DL/ID holder, on proof of their identity and a certification by the requestor that the use of the personal information is authorized under state and federal law and that the information will be used only for the purpose stated and in complete compliance with state and federal law.

**You must meet one or more of the following exceptions if you do not have written consent of the DL/ID holder to be entitled to receive personal information on the above named individual. Please** *initial* **each category that applies to the requested driver record.**

_____  1.  For use in connection with any matter of (a) motor vehicle or motor vehicle operator safety; (b) motor vehicle theft; (c) motor vehicle emissions; (d) motor vehicle product alterations, recalls, or advisories; (e) performance monitoring of motor vehicles or motor vehicle dealers by a motor vehicle manufacturer; or (f) removal of nonowner records from the original owner records of a motor vehicle manufacturer to carry out the purposes of the Automobile Information Disclosure Act, the Anti Car Theft Act of 1992, the Clean Air Act, and any other statute or regulation enacted or adopted under or in relation to a law included in the above.

_____  2.  For use by a government agency in carrying out its functions or a private entity acting on behalf of a government agency in carrying out its functions.

_____  3.  For use in connection with a matter of (a) motor vehicle or motor vehicle operator safety; (b) motor vehicle theft; (c) motor vehicle product alterations, recalls, or advisories; (d) performance monitoring of motor vehicles, motor vehicle parts, or motor vehicle dealers; (e) motor vehicle market research activities, including survey research; or (f) removal of nonowner records from the original owner records of motor vehicle manufacturers.

_____  4.  For use in the normal course of business by a legitimate business or an authorized agent of the business, but only to verify the accuracy of personal information submitted by the individual to the business or the authorized agent of the business and to obtain correct information if the submitted information is incorrect to prevent fraud by pursuing a legal remedy against, or recovering on a debt or security interest against the individual.

_____  5.  For use in conjunction with a civil, criminal, administrative, or arbitral proceeding in any court or government agency or before any self regulatory body, including service of process, investigation in anticipation of litigation, execution or enforcement of a judgement or order, or under an order of any court.

_____  6.  For use in research or in producing statistical reports, but only if the personal information is not published, redisclosed, or used to contact any individual.

_____  7.  For use by an insurer or insurance support organization, or by a self insured entity, or an authorized agent of the entity, in connection with claims investigation activities, antifraud activities, rating or underwriting.

_____  8.  For use in providing notice to an owner of a towed or impounded vehicle.

_____  9.  For use by a licensed private investigator agency or licensed security service for a purpose permitted as stated on this page.

_____  10. For use by an employer or an authorized agent or insurer of the employer to obtain or verify information relating to a holder of a commercial driver license that is required under 49 U.S.C. Chapter 313.

_____  11. For use in connection with the operating of a private toll transportation facility.

_____  12. For use by a consumer-reporting agency as defined by the Fair Credit Reporting Act (15 U.S.C. §1681 et seq.) for a purpose permitted under the Act.

_____  13. For any other purpose specifically authorized by law that relates to the operation of a motor vehicle or to public safety.

Please state specific statutory authority _____

_____  14. For use in the preventing, detecting, or protecting against identity theft or other acts of fraud. The Department prior to release of personal information may require additional information.

Below is an example of how numbers and letters should be written on front of this form:    

1 1 2 3 4 5 6 7 8 9 0

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z

State of Texas
County of _____

### Cellular Phone Records Authorization

TO:_____
    _____
    _____

You are hereby authorized and directed to release, make available and allow the law firm of Negem & Worthington, their agents, representatives and/or employees all records or copies there of which they may request concerning my Cell Phone number_____ with _____, my Cellular Phone Carrier.

A photostatic or machine copy of this authorization shall be the same force and effect as the original here of.

_____
Signature

SUBSCRIBED AND SWORN TO AND GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____day of _____ 20___.

_____
NOTARY PUBLIC, State of Texas

My Commission Expires:

_____

12     Describe what damage, if any, was done to the vehicle you were operating in the collision and state the cost of repair to such vehicle.

13.    Describe what injuries, if any, you received in the collision.

14.    Describe any conversation you have had with the Plaintiffs or Plaintiffs' representatives following the collision.

15.    Describe any information you have indicating or any reason you have to believe that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

16.    State whether or not you were acting within the course and scope of any agency, employment, or service at the time of the collision, and describe the type of relationship of the persons or entities involved.

17.    Please list each employer for whom you have worked for the past ten (10) years, and include with your answer the following information:

       a.    Name, address and telephone number of the employer;
       b.    Position held with each employer and a description of your job duties;
       c.    dates of employment; and
       d.    Reason for termination of employment with each employer.

18.    If you own or are provided a cellular phone or other cellular device on the date of the subject accident, please provide the following information:

       a.    the telephone number;
       b.    the service provider.

19.    State in detail what intoxicating beverages, if any, you had consumed and what drugs or medications, prescription or nonprescription, if any, you had taken during the 24-hour period immediately preceding the collision.

20.    Describe any traffic citation you received as a result of this collision by stating the name and location of the court involved, the violations of the law charged in that citation, and the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

21.    Describe any criminal record you may have, including the nature of the charge, date and place of arrest, and conviction, if any.

22. Have you had any oral communications with any of Plaintiff(s) relating to the subject of this lawsuit? If so, as to each such communication, state to the fullest extent of your recollection –

    a.    The names of all persons involved in the communication;

    b.    The date and time the communication began and ended;

    c.    The subject of the communication; and

    d.    What each person said in the communication.

## REQUESTS FOR PRODUCTION TO AVIS BUDGET CAR RENTAL LLC

1.    Any video surveillance from inside or outside of AVIS BUDGET CAR RENTAL LLC, that shows any portion of BOBBY BROWN renting the 2017 Chevrolet Malibu or BOBBY BROWN entering onto the premises of AVIS BUDGET CAR RENTAL LLC, to obtain the vehicle or to return the vehicle made the basis of this suit.

RESPONSE:

2.    Any and all documents that relate to AVIS BUDGET CAR RENTAL LLC, renting the 2017 Chevrolet Malibu to BOBBY BROWN on March 17, 2017.

RESPONSE:

3.    Any and all documents executed by Bobby Brown or provided to Bobby Brown in connection with renting the 2017 Chevrolet Malibu.

RESPONSE:

4.    Any and all documents provided by Bobby Brown and AVIS BUDGET CAR RENTAL LLC in connection with renting the 2017 Chevrolet Malibu.

RESPONSE:

5.    Any accident reports or documents of any kind created by employees or agents of AVIS BUDGET CAR RENTAL LLC, that reference damage to the 2017 Chevrolet Malibu rented by BOBBY BROWN after the vehicle was returned by BOBBY BROWN on March 17, 2017.

RESPONSE:

6.    Any damage appraisals or damage estimates made on or after March 17, 2017, for any damage to the 2017 Chevrolet Malibu as a result of the accident made the basis of this suit.

RESPONSE:

7.    Any photographs or video made on or after March 17, 2017, of any damage to the 2017 Chevrolet Malibu as a result of the accident made the basis of this suit.
RESPONSE:

8.    Any insurance claims or insurance claim forms created on or after March 17, 2017, for any damage to the 2017 Chevrolet Malibu as a result of the accident made the basis of this suit

RESPONSE:

9.    Any and all documents that relate in any way to the renting of the 2017 Chevrolet Malibu to BOBBY BROWN or damage to the vehicle resulting from the accident made the basis of this suit.


RESPONSE:

10.    Any and all documents reflecting the 2017 Chevrolet Malibu rented by Bobby Brown was covered by a policy of automobile liability insurance.


RESPONSE:

11. if any "person with knowledge of relevant facts" identified in any party's disclosure in this case has been convicted in the last ten years of a crime that was a felony or involved moral turpitude, within the meaning of Tex. R. Evid. 609, produce all documents relating to each criminal conviction of each such person.

RESPONSE:

12.    Produce copies of all documents you obtained through a subpoena in this case. TRCP 176 and 205.

RESPONSE:

13.    Produce copies of all testimony and documents you obtained through a deposition upon written questions in this case. TRCP 200.

RESPONSE:

14.    Produce copies of all testimony and documents you obtained through a deposition in a foreign jurisdiction in this case. TRCP 201.


RESPONSE:

15.     Produce copies of all testimony and documents you obtained through a deposition before suit or to investigate claims relating to the subject of this lawsuit. TRCP 202.

RESPONSE:


16.     Produce copies of all business records accompanied by affidavit you obtained in this case pursuant to Tex. Rule Evid. 902 (10).

RESPONSE:


17.     Produce copies of all affidavits, controverting affidavits, and business records you obtained in this case pursuant to Tex. Civ. Prac. & Rem. Code ch. 18.

RESPONSE:

## INTERROGATORIES TO AVIS BUDGET CAR RENTAL LLC

1.      State the name and title of each individual answering or assisting in answering these interrogatories.

ANSWER:

2.      Were there video surveillance cameras on the premises of AVIS BUDGET CAR RENTAL LLC, that would have recorded all or any part of BOBBY BROWN renting the 2017 Chevrolet Malibu on March 17, 2017, or coming onto the premises of AVIS BUDGET CAR RENTAL LLC to obtain the vehicle or return the vehicle?  If so, does the video footage still exist?

ANSWER:

3.      Were any accident reports or other types of written documentation created by employees or agents of AVIS BUDGET CAR RENTAL LLC, in the ordinary course of business relating to the accident made the basis of this suit or damages resulting from the accident. If so, identify who has possession of such documents.

ANSWER:

4.      Were any accident reports or other types of written documentation created by BOBBY BROWN, in the ordinary course of business relating to the accident made the basis of this suit or damages resulting from the accident. If so, identify who has possession of such documents.

ANSWER:

5.      Were any photographs or videos made on or after March 17, 2017, of any damage to the 2017 Chevrolet Malibu.  If so, who made the photographs and where are they located.

ANSWER:

6.      Were any insurance claims or insurance claim forms created on or after March 17, 2017, for any damage to the 2017 Chevrolet Malibu as a result of the accident made the basis of this suit. If so, who made the insurance claim, who was it made to, and where are the documents located.

ANSWER:

7.      Were any damage appraisals or damage estimates made on or after March 17, 2017, for any damage to the 2017 Chevrolet Malibu as a result of the accident made the basis of this suit. If so, who made the appraisal or estimate and who has possession of such documents.

ANSWER:

8.      Who paid for the damage to the Chevrolet Malibu caused in the accident on March 17, 2017.

ANSWER:

9.      Identify by stating full name, address and telephone number, all persons whom you expect to call to testify at trial.

ANSWER:

10. Have you had any oral communications with any of Plaintiff(s) relating to the subject of this lawsuit? If so, as to each such communication, state to the fullest extent of your recollection –

   a.  The names of all persons involved in the communication;
   b.  The date and time the communication began and ended;
   c.  The subject of the communication; and
   d.  What each person said in the communication.

ANSWER:

11. Describe what documents were or should have been obtained by AVIS BUDGET CAR RENTAL LLC from Bobby Brown in connection with renting the 2017 Chevrolet Malibu to Bobby Brown.

ANSWER:

12. Describe what documents were or should have been executed by Bobby Brown in connection with renting the 2017 Chevrolet Malibu.

ANSWER:

13. Describe the steps taken by AVIS BUDGET CAR RENTAL LLC to ensure the 2017 Chevrolet Malibu rented by Bobby Brown was covered by a policy of automobile liability insurance through Bobby brown or AVIS BUDGET CAR RENTAL LLC.

ANSWER:

## REQUEST FOR DISCLOSURE
## TO DEFENDANT BOBBY BROWN

Pursuant to Rule 194, you are requested to disclose within fifty (50) days of service of this request and petition herewith, the information or material described below.

(a)     The correct names of the parties to this lawsuit.

(b)     The names, addresses, and telephone numbers of any potential parties to this lawsuit.

(c)     The legal theories and, in general, the factual basis of the responding party's claims or defenses.

(d)     The amount and any method of calculating of economic damages.

(e)     The name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

(f)     For any testifying expert:

    (1)     The expert's name, address and telephone number;

    (2)     The subject matter on which the expert will testify.

    (3)     The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information.

    (4)     If the expert is retained by, employed by or otherwise subject to the control of the responding party:

        (A)     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (B)     the expert's current resume and bibliography.

(g)     Any discoverable indemnity and insuring agreements.

(h)     Any discoverable settlement agreements.

(i)     Any discoverable witness statements.

(j)     All medical records and bills that are reasonably related to the injuries and damages asserted or in lieu thereof, an authorization permitting the disclosure of such medical records and medical bills.

(k)     All medical records and medical bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)     The name, address and telephone number of any person who may be designated as a responsible third party.

## REQUEST FOR DISCLOSURE
## TO DEFENDANT AVIS BUDGET CAR RENTAL LLC

Pursuant to Rule 194, you are requested to disclose within fifty (50) days of service of this request and petition herewith, the information or material described below.

(a)     The correct names of the parties to this lawsuit.

(b)     The names, addresses, and telephone numbers of any potential parties to this lawsuit.

(c)     The legal theories and, in general, the factual basis of the responding party's claims or defenses.

(d)     The amount and any method of calculating of economic damages.

(e)     The name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

(f)     For any testifying expert:

    (1)     The expert's name, address and telephone number;

    (2)     The subject matter on which the expert will testify.

    (3)     The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information.

    (4)     If the expert is retained by, employed by or otherwise subject to the control of the responding party:

        (A)     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (B)     the expert's current resume and bibliography.

(g)     Any discoverable indemnity and insuring agreements.

(h)     Any discoverable settlement agreements.

(i)     Any discoverable witness statements.

(j)     All medical records and bills that are reasonably related to the injuries and damages asserted or in lieu thereof, an authorization permitting the disclosure of such medical records and medical bills.

(k)     All medical records and medical bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)     The name, address and telephone number of any person who may be designated as a responsible third party.

Respectfully submitted,


s/ Jimmy M. Negem
Jimmy M. Negem
State Bar No. 14865500
Joe M. Worthington
State Bar No. 22009950
Negem & Worthington
1828 ESE Loop 323
Suite R – 1A
Tyler, Texas 75701
903.595.4466 (telephone)
903.593.3266 (facsimile)

**ATTORNEYS FOR PLAINTIFFS**

**CAUSE NO: 17-0719**



IN THE 71ST JUDICIAL DISTRICT COURT
OF HARRISON COUNTY, TEXAS

**STEVEN THOMPSON AND**
**TALISHA EVANS**

**V**

**BOBBY BROWN AND AVIS**
**BUDGET CAR RENTAL LLC**

### CITATION

TO: <u>THE SHERIFF OR ANY CONSTABLE OF TEXAS</u>          **THE STATE OF TEXAS**
     **OR ANY OTHER AUTHORIZED PERSON**                **COUNTY OF HARRISON**

          **AVIS BUDGET CAR RENTAL LLC**
          **CORPORATION SERVICE COMPANY D/B/A**
          **LAWYERS INCORPORATING SERVICE CO**
          **211 E. 7TH STREET, SUITE 620**
          **AUSTIN, TEXAS 78701**
          **WHEREVER HE/SHE MAYBE FOUND**

     Attached is a copy of **PLAINTIFFS' ORIGINAL PETITION.** This instrument was filed on the 3RD day of AUGUST,
2017 in the above cited cause number and court. The instrument attached describes the claim against you.
     You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of thirty eight days after
you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation is issued on this **8TH day of AUGUST 2017,** under my hand and seal of said Court.

SEAL

                                        Sherry Griffis
                                        Harrison County Courthouse
                                        200 W. Houston St., Suite 234
                                        Marshall, Texas 75670

                                        BY _____

JIMMY NEGEM
1828 ESE LOOP 323 SUITE R – 1A
TYLER, TEXAS 75701
STATE BAR # 14865500

Came to hand at _____ o'clock _.n

Executed at _____

on the _____ day of _____, 2(

defendant, in person, a true copy of

attached thereto and I endorsed on s

To certify which I affix my hand offici

     Fee $____

_____
Affiant

On this day, _____

return, personally appeared. After b

manner recited on the return.

SWORN TO AND SUBSCRIBED BE

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**O F F I C I A L   U S E**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To

Street & Apt. No., or PO Box No.

City, State, ZIP+4

PS Form 3800, July 2014          See Reverse for Instructions

7014 1820 0002 0470

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   17-0719 AP

   Avis Budget - Lawyers In. Serv.

   211 E 7th St Ste 620

   Austin TX 78701

   9590 9402 2890 7069 3578 68

2. Article Number (Transfer from service label)

   7014 1820 0002 0402 4470

PS Form 3811, July 2015 PSN 7530-02-000-9053

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

AUG 14 2017

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

CAUSE NO: 17-0719



**STEVEN THOMPSON AND
TALISHA EVANS**

V

**BOBBY BROWN AND AVIS
BUDGET CAR RENTAL LLC**

IN THE 71ST JUDICIAL DISTRICT COURT
OF HARRISON COUNTY, TEXAS

**CITATION**

TO:  **THE SHERIFF OR ANY CONSTABLE OF TEXAS
     OR ANY OTHER AUTHORIZED PERSON**

THE STATE OF TEXAS
COUNTY OF HARRISON

   **BOBBY BROWN BY SECRETARY OF THE STATE
   2778 MARQUETTE STREET
   SHREVEPORT, LA 71108
   WHEREVER HE/SHE MAYBE FOUND**

   Attached is a copy of **PLAINTIFF'S ORIGINAL PETITION.** This instrument was filed on the 3RD day of AUGUST, 2017 in the above cited cause number and court. The instrument attached describes the claim against you.

   You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of thirty eight days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING.
   This citation is issued on this **15TH day of AUGUST 2017**, under my hand and seal of said Court.

   SEAL

Sherry Griffis
Harrison County Courthouse
200 W. Houston St., Suite 234
Marshall, Texas 75670

BY  _Angie Pache_

JIMMY M. NEGEM
1828 ESE LOOP 323
SUITE R – 1A
TYLER, TEXAS 75701

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock
Executed at _____                                              _.m.
on the _____ day of _____
defendant, in person, a true copy                                         petition
attached thereto and I endorsed
To certify which I affix my hand
   Fee $____                                                              y, Texas

_____                                                         _deputy
Affiant
On this day, _____                                            ture appears on the foregoing
return, personally appeared. Aft                                         cuted by him/her in the exact
manner recited on the return.
SWORN TO AND SUBSCRIBED

**U.S. Postal Service™
CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | 17-0719 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  _Bobby Brown - SOS_
Street & Apt. No., or PO Box No.
City, State, ZIP+4

PS Form 3800, July 2014                    See Reverse for Instructions

7014 1820 0002 0402 4487

## COMPLETE THIS SECTION ON DELIVERY

**A. Signature**

X _____
☐ Agent
☐ Addressee

**B. Received by (Printed Name)**

**C. Date of Delivery**

_Angie Parker_

BY _____ DEPUTY

FILED _____
CLERK _____
20__ AUG 21 2017 PM 3:5

**D.** Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

**3. Service Type**
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery ($500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

## SENDER: COMPLETE THIS SECTION

7-07-19

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

**1. Article Addressed to:**

Bobby Brown – SDS
2728 Marguette St
Shreveport LA 71408

**2. Article Number** (Transfer from service label)

7014 1820 0002 0402 4487

9590 9402 2890 7069 3578 51

PS Form 3811, July 2015 PSN 7530-02-000-9053

CIVIL DOCKET

CASE NO. _____

17-0719

| | | DATE OF FILING | |
|---|---|---|---|
| | Mo. | Day | Year |
| | 8 | 3 | 17 |

| NUMBER OF CASE |
|---|
| 17-0719 |

FEE BOOK

| Vol. | Page |
|---|---|
| | |

NAMES OF PARTIES

STEVEN THOMPSON AND TALISHA EVANS

vs.

BOBBY BROWN AND AVIS BUDGET CARE RENTAL

ATTORNEYS

JIMMY NEGAN

Ptf.

Dft.

Kind of Action
and Party Demanding Jury

MVA

Jury Fee.

Paid By

Jury No.

PROCESS

MINUTE BOOK

| Vol. | Page |
|---|---|
| | |

ORDERS OF COURT

Was Stenographer Used?

DATE OF ORDERS

| Month | Day | Year |
|---|---|---|
| | | |

r

Filed 8/3/2017 9:53 AM
Sherry Griffis
District Clerk
Harrison County, Texas

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* __17-0719__        COURT *(FOR CLERK USE ONLY):* _____

Angie Poche

STYLED __STEVEN THOMPSON et al V. AVIS BUDGET CAR RENTAL LLC et al__

Deputy

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** JIMMY NEGEM  **Email:** RACHEL@NEGEMLAW.COM | **Plaintiff(s)/Petitioner(s):** STEVEN THOMPSON  TALISHA EVANS | ☒Attorney for Plaintiff/Petitioner ☐Pro Se Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| **Address:** 1828 ESE LOOP 323 SUITE R - 1A  **Telephone:** (903) 595-4466 | | Additional Parties in Child Support Case: |
| **City/State/Zip:** TYLER/TX/75701  **Fax:** (903) 593-3266 | **Defendant(s)/Respondent(s):** AVIS BUDGET CAR RENTAL LLC  BOBBY BROWN | Custodial Parent:  Non-Custodial Parent: |
| **Signature:** s/Jimmy Negem  **State Bar No:** 14865500 | | Presumed Father: |
| | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | | Family Law |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| **Debt/Contract** ☐Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation **Malpractice** ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void **Divorce** ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other |
| **Foreclosure** ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☒Motor Vehicle Accident ☐Premises **Product Liability** ☐Asbestos/Silica ☐Other Product Liability List Product: _____ ☐Other Injury or Damage: | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order  **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: | | |

| Probate & Mental Health | | |
|---|---|---|
| **Tax** ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | **Probate/Wills/Intestate Administration** ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☒Over $1,000,000

Rev 2/13

17-0719

Filed 9/5/2017 9:35 AM
Sherry Griffis
District Clerk
Harrison County, Texas

Deborah Mottershaw

Deputy

CAUSE NO. 17-0719

| | | |
|---|---|---|
| STEVEN THOMPSON AND<br>TALISHA EVANS | § <br> § <br> § <br> § | IN THE DISTRICT COURT OF |
| VS. | § <br> § <br> § | HARRISON COUNTY, TEXAS |
| BOBBY BROWN AND<br>AVIS BUDGET CAR RENTAL; LLC | § <br> § | 71ST JUDICIAL DISTRICT |

Deborah

---

### DEFENDANT'S ORIGINAL ANSWER

---

Defendant, AVIS BUDGET CAR RENTAL, LLC, files this answer in response to Plaintiffs' latest petition and would respectfully show as follows:

1.     As allowed by Rule 92 of the Texas Rules of Civil Procedure, Defendant asserts a general denial to the allegations in Plaintiffs' latest petition.

2.     In the alternative, and without waiving the foregoing, Defendant pleads that Plaintiffs' damages, if any, for medical or health care expenses are limited by §41.0105 of the Texas Civil Practice and Remedies Code.

3.     In the alternative, and without waiving the foregoing, Defendant would show that to the extent Plaintiffs are seeking recovery for loss of earnings or loss of earning capacity, the limitations of §18.091 of the Texas Civil Practice and Remedies Code apply.

**PRAYER**

Defendant, AVIS BUDGET CAR RENTAL, LLC, respectfully prays that upon trial of this case the Court enter judgment in Defendant's favor, that Plaintiff take nothing by reason of this suit, that Defendant recover its costs incurred herein, and that Defendant receive such further and other relief to which it is justly entitled.

Respectfully Submitted,

DONATO, MINX, BROWN & POOL, P.C.



Aaron Pool
SBN: 16115400
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027-7525
Phone: 713-877-1112
Fax: 713-877-1138
apool@donatominxbrown.com

**ATTORNEY FOR DEFENDANT
AVIS BUDGET CAR RENTAL, LLC**

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of September, 2017, a true and correct copy of the above and foregoing has been served by:

☐certified mail, return receipt requested; ☐overnight delivery; ☐hand delivery; ☐United States first class mail; ☐facsimile transmission; ☒electronic transmission on the following counsel:

Plaintiffs' Attorneys:
Jimmy M. Negem
Joe M. Worthington
Negem & Worthington
1828 ESE Loop 323
Suite R-1A
Tyler, TX 75701
Phone: 903-595-4466
Fax: 903-593-3266

_____
Aaron Pool

3

17-0719

Filed 9/5/2017 9:35 AM
Sherry Griffis
District Clerk
Harrison County, Texas

Deborah Mottershaw

Deputy

CAUSE NO. 17-0719

| | | |
|---|---|---|
| STEVEN THOMPSON AND TALISHA EVANS | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§<br>§ | HARRISON COUNTY, TEXAS |
| BOBBY BROWN AND AVIS BUDGET CAR RENTAL, LLC | §<br>§<br>§ | 71ST JUDICIAL DISTRICT |

---

## DEFENDANT'S REQUEST FOR JURY TRIAL

---

Pursuant to TRCP 216, Defendant AVIS BUDGET RENTAL CAR, LLC requests a jury trial and tenders the required jury fee.

Respectfully Submitted,

DONATO, MINX, BROWN & POOL, P.C.



Aaron Pool
SBN: 16115400
3200 Southwest Freeway, Suite 2300
Houston, Texas  77027-7525
Phone: 713-877-1112
Fax: 713-877-1138
apool@donatominxbrown.com

**ATTORNEYS FOR DEFENDANT
AVIS BUDGET RENTAL CAR, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of September, 2017, a true and correct copy of the above and foregoing has been served by:

☐certified mail, return receipt requested; ☐overnight delivery; ☐hand delivery; ☐United States first class mail; ☐facsimile transmission; ☒electronic transmission on the following counsel:

Plaintiffs' Attorneys:
Jimmy M. Negem
Joe M. Worthington
Negem & Worthington
1828 ESE Loop 323
Suite R-1A
Tyler, TX 75701
Phone: 903-595-4466
Fax: 903-593-3266

_____
Aaron Pool

2

CAUSE NO. 17-0719

| | | |
|---|---|---|
| STEVEN THOMPSON AND | § | IN THE DISTRICT COURT OF |
| TALISHA EVANS | § | |
| | § | |
| | § | |
| VS. | § | HARRISON COUNTY, TEXAS |
| | § | |
| | § | |
| BOBBY BROWN AND | § | |
| AVIS BUDGET CAR RENTAL, LLC | § | 71ST JUDICIAL DISTRICT |

### DEFENDANT AVIS BUDGET CAR RENTAL, LLC'S
### <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

On September 13, 2017, Defendant Avis Budget Car Rental, LLC filed the attached

Notice of Removal with the Office of the Clerk of the United States District Court for the

Eastern District of Texas – Marshall Division.

Respectfully submitted,

**Donato, Minx, Brown & Pool, P.C.**

By:  */s/ Aaron Pool*
Aaron Pool
SBN 16115400
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
Phone: 713-877-1112
Fax: 713-877-1138
apool@donatominxbrown.com

**OF COUNSEL:**
DONATO, MINX, BROWN & POOL, P.C.
Andrew J. Pratka
SBN 24079159
apratka@donatominxbrown.com
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
Phone: 713-877-1112
Fax: 713-877-1138

**ATTORNEYS FOR DEFENDANT
AVIS BUDGET CAR RENTAL, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

**I hereby certify that on the 13TH day of September, 2017, a true and correct copy of the above and foregoing has been served by:**

☐certified mail, return receipt requested; ☐overnight delivery; ☐hand delivery; ☐ United States first class mail; ☐facsimile transmission; ☒electronic transmission on the following counsel:

<u>Plaintiffs' Attorneys:</u>
Jimmy M. Negem
Joe M. Worthington
Negem & Worthington
1828 ESE Loop 323
Suite R-1A
Tyler, TX 75701
Phone: 903-595-4466
Fax: 903-593-3266

*/s/ Aaron Pool*_____
Aaron Pool